UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LEONARD P. LEBLANC and                  CIVIL ACTION NO. 6:16-CV-00283
TAMMY LEBLANC

VERSUS                                  JUDGE FOOTE

DAROL DEJUAN STONEHAM,                  MAGISTRATE JUDGE HANNA
PINCH FLATBED, INC., and AIG
PROPERTY & CASUALTY
INSURANCE COMPANY

## REPORT AND RECOMMENDATION

Currently pending is the plaintiffs' motion to remand. (Rec. Doc. 7). The motion is opposed. (Rec. Doc. 9). Oral argument was held on April 26, 2016. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be denied.

## Background

This lawsuit arises out of a motor vehicle accident. According to the plaintiffs' petition, plaintiff Leonard LeBlanc was driving a 2010 Ford Ranger and heading north on Highway 88 in Iberia Parish on January 21, 2015. At the same time, defendant Darol Stoneham, who was allegedly in the course and scope of his employment with defendant Pinch Flatbed, Inc., was driving an 18-wheeler that was registered to Penske Leasing and leased to Pinch. Mr. Stoneham allegedly stopped at the intersection of Highway 88 and Labit Road then turned left as Mr. LeBlanc

passed through the intersection, colliding with Mr. LeBlanc's vehicle.  The plaintiffs claim that Mr. LeBlanc injured his neck and back in the accident, and his wife asserted a claim for loss of consortium.

Suit was originally filed in the 16th Judicial District Court, Iberia Parish, Louisiana, against Mr. Stoneham, Pinch, and Pinch's alleged insurer, AIG Property & Casualty Ins. Co.  An amending petition added New Hampshire Insurance Company as a defendant.  The four defendants removed the action to federal court. The plaintiffs then filed the instant motion to remand.

## Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3]  Therefore, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court

---

[1]     See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and CVS. Co*., 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co*., 243 F.3d 912, 916 (5th Cir. 2001).

[2]     28 U.S.C. § 1331.

[3]     28 U.S.C. § 1332.

jurisdiction establishes otherwise.[4]  "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[5]  The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[6]

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[7]  When an action is removed from state court, as this suit was, the removing parties bear the burden of proving that federal jurisdiction exists.[8]  When a motion to remand is filed, the burden remains with the removing parties.[9]  Accordingly, the removing defendants in this case have the burden of establishing "that all of the prerequisites of diversity jurisdiction contained in 28

---

[4]        *Howery v. Allstate*, 243 F.3d at 916.

[5]        *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[6]        *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[7]        *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[8]        *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Manguno v. Prudential Property and CVS. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[9]        See, e.g., *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 878 n. 16 (5th Cir. 2004); *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, 588 F.2d 431, 433 (5th Cir. 1979); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir.1975).

U.S.C. § 1332 are satisfied."[10]  In other words, they must establish that the amount in controversy exceeds $75,000 and that the parties are diverse in citizenship.[11]  A notice of removal "need not contain evidentiary submissions,"[12] but evidence supporting citizenship allegations and amount-in-controversy allegations are necessary if the court's subject-matter jurisdiction is challenged by means of a motion to remand.

### A.    The Contentions of the Parties

The plaintiffs contend that this action should be remanded because the removal was not timely, because the parties are not diverse in citizenship, and because the defendants articulated an affirmative defense in their answer related to the court's subject-matter jurisdiction.  This Court, acting *sua sponte*, raises the issue of whether the amount-in-controversy requirement has been satisfied.  The defendants have the burden of proof.

### B.    The Timing of Removal

Under 28 U.S.C. § 1446(b), a civil action must generally be removed within thirty days after the receipt by the defendant, through service or otherwise, of a copy

---

[10]     *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).

[11]     28 U.S.C. § 1332.

[12]     *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 551 (2014).

-4-

of the initial pleading in the suit.  Under Section 1446(b)(2)(C), however, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  The plaintiffs assert – with no proof – that the original petition was served on Pinch on November 10, 2015 and served on AIG on November 12, 2015.  They assert – again with no proof – that the original and the supplemental petitions were served on Stoneham and New Hampshire on February 11, 2016.  The defendants do not dispute the service dates stated by the plaintiffs.  The removal notice was filed on March 1, 2016.  Thus, accepting the service dates alleged by the plaintiffs as accurate – and hearing no objection from the defendants – this Court concludes that the case was removed more than thirty days after Pinch and AIG were served but less than thirty days after Stoneham and New Hampshire were served.

The plaintiffs argue that the rule concerning removal by a later-served defendant is not applicable in this case because Pinch and AIG joined in the removal rather than consenting to it.  This Court finds that the plaintiffs' argument is based upon a distinction without a difference.  By joining in the removal, Pinch and AIG implicitly consented to the removal.  Therefore, removal was timely because it was

effectuated within thirty days after the date on which the plaintiffs contend that the later-served defendants were served.

## C.   <u>Diversity of Citizenship</u>

The plaintiffs contend that this case should be remanded because the parties are not diverse in citizenship. The petition alleged that the plaintiffs, Leonard and Tammy LeBlanc, are domiciled in Louisiana, and that defendant Darol Dejuan Stoneham is domiciled in Texas. The citizenship of a natural person is determined by the state in which she is domiciled.[13] Therefore, the plaintiffs have established these parties' citizenship.

The plaintiffs' petition alleged that defendant Pinch is a foreign corp. "with a principal place of business in. . . Louisiana" and that defendant AIG is "a foreign insurance company, authorized to do and doing business in the State of Louisiana." (Rec. Doc. 1-4 at 1). Similar allegations were made in the amended petition with regard to defendants Pinch and AIG, and it was alleged that New Hampshire is "a foreign insurance company, authorized to do and doing business in the State of Louisiana." (Rec. Doc. 1-2 at 1). These allegations are insufficient to establish the citizenship of these parties. All three of these parties appear to be corporations, and a corporation's citizenship is determined by its state of incorporation and the state of

---

[13]    *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

its principal place of business.[14]  A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party.[15]  When the place of incorporation or the principal place of business of a corporate party is not stated, the pleadings are inadequate to establish diversity.[16]

In the removal notice, the defendants attempted to cure the deficiencies in the plaintiffs' petitions.  They alleged that Pinch is a Texas corporation with its principal place of business in Texas, that New Hampshire is an Illinois corporation with its principal place of business in New York, and that AIG is a Pennsylvania company with its principal place of business in New York.  (Rec. Doc. 1 at 2).

The plaintiffs argue that the defendants have not met their burden of proving that Pinch's principal place of business is in Texas rather than Louisiana.  But, in support of their memorandum opposing the remand motion, the defendants submitted documents from the Louisiana Secretary of State's office listing Houston, Texas as Pinch's "principal business office."  (Rec. Doc. 9-2 at 1, 3, 5).  The undersigned finds that the term "principal business office" used by the Secretary of State is sufficiently synonymous with the term "principal business office" for removal purposes.

---

[14]     28 U.S.C. § 1332(c)(1).

[15]     See, e.g., *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

[16]     *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982).

Accordingly, the defendants have established that Pinch's principal place of business is in Texas and that the plaintiffs in this lawsuit are diverse in citizenship from the defendants.

### D.   The Amount in Controversy

The plaintiffs' motion to remand does not address whether the removing defendants have established that the amount in controversy exceeds the jurisdictional minimum.  Similarly, the defendants did not argue in their briefing that the amount-in-controversy requirement is met; instead, they "believe. . . that plaintiffs are seeking damages in excess of $75,000" but "preserv[e] the right to challenge subject matter jurisdiction in the event it later appears that plaintiffs' alleged damages do not meet the $75,000 federal jurisdictional threshold." (Rec. Doc. 9 at 3).  A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case[17] and is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject-matter jurisdiction.[18]  Therefore, faced with the plaintiffs' motion to remand, this Court must raise the amount-in-controversy issue.

---

[17]     *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182, n.5 (5th Cir. 2005).

[18]     See 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

-8-

When a plaintiff fails to allege a specific amount of damages in his complaint, and it is not facially apparent from the complaint that the amount in controversy exceeds $75,000.00, the plaintiff must, when the court examines its jurisdiction on a *sua sponte* basis, prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[19]  In that situation, the court may look to summary judgment-type evidence to ascertain the amount in controversy.[20]

The undersigned finds that the amount in controversy is not "facially apparent" from the plaintiff's complaint.  The plaintiffs allege that Mr. LeBlanc has "injuries to his neck and back."  (Rec. Doc. 1-4 at 2).  They seek to recover past, present, and future medical expenses; damages for past, present, and future mental and physical pain, suffering, and anguish; damages for emotional distress; lost wages damages for loss of earning capacity; damages for loss of enjoyment of life; and as previously noted, Mrs. LeBlanc seeks to recover for her alleged loss of consortium.  (Rec. Doc. 1-4 at 2).  There are no allegations concerning the precise nature or extent of Mr. LeBlanc's alleged injuries, the medical treatment he has received to date, the necessity of future medical treatment, the cost of past or future treatment, the amount of time he missed from work due to his injuries, or any other allegations that would

---

[19]  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d at 1253, citing *Allen v. R & H Oil & Gas. Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[20]  *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

assist this Court in evaluating the amount in controversy.  The allegations of the complaint are so vague and nonspecific that the undersigned cannot determine whether the amount in controversy exceeds the jurisdictional requirement.

However, at the hearing, the plaintiffs' counsel represented to this Court that the plaintiffs have incurred more than $100,000 in medical costs attributable to the accident.  This Court accepts this statement as a binding representation and finds that the amount in controversy exceeds the jurisdictional minimum.

**E.**     **The Defendants' Affirmative Defense**

In their answer, the defendants included as their second defense the contention that "[t]his Court lacks subject matter jurisdiction."  (Rec. Doc. 5 at 1).  This Court finds that the defendants' second defense, while perhaps an example of inattention to correct pleading, is nothing more than boilerplate language that lacks merit in light of the defendants' removal of this action.

<u>**Conclusion**</u>

The defendants have established that the parties are diverse in citizenship and that the amount in controversy exceeds the jurisdictional threshold.  Accordingly, this Court recommends that the plaintiffs' motion to remand (Rec. Doc. 7) be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 25th  day of April 2016.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE