LEONARD P. LEBLANC and             CIVIL ACTION NO. 6:16-CV-00283
TAMMY LEBLANC

VERSUS                             MAGISTRATE JUDGE HANNA

DAROL DEJUAN STONEHAM,             BY CONSENT OF THE PARTIES
ET AL.

## RULING ON MOTION

Currently pending is the plaintiffs' motion to strike the affidavit of Leonard LeBlanc that was submitted by the plaintiffs in support of their motion for partial summary judgment. (Rec. Doc. 48). The motion is opposed. (Rec. Doc. 51). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is granted in part and denied in part.

## Background

This lawsuit arises out of a motor vehicle accident. According to the plaintiffs' petition, plaintiff Leonard LeBlanc was driving a 2010 Ford Ranger and heading north on Highway 88 in Iberia Parish on January 21, 2015. At the same time, defendant Darol Stoneham, who was in the course and scope of his employment with defendant Pinch Flatbed, Inc., was driving an 18-wheeler that was registered to Penske Leasing and leased to Pinch. Mr. Stoneham allegedly ran through a stop sign at the intersection of Highway 88 and Labit Road then turned left as Mr. LeBlanc

passed through the intersection, colliding with Mr. LeBlanc's vehicle. The plaintiffs claim that Mr. LeBlanc injured his neck and back in the accident, and his wife asserted a claim for loss of consortium.

Suit was filed in the 16th Judicial District Court, Iberia Parish, Louisiana, against Mr. Stoneham, Pinch, and Pinch's alleged insurer, AIG Property & Casualty Ins. Co. An amending petition added New Hampshire Insurance Company as a defendant. The defendants removed the action. Then a second supplemental and amending complaint added Gemini Insurance Services, Inc. as a defendant.

The plaintiffs filed a motion for partial summary judgment with regard to the issues of liability and insurance coverage. (Rec. Doc. 40). In support of that motion, the plaintiffs submitted the affidavit of plaintiff Leonard LeBlanc. (Rec. Doc. 40-5). The removing defendants now seek to strike that affidavit.

## Analysis

In support of their motion to strike Mr. LeBlanc's affidavit, the plaintiffs argued that the affidavit is inadmissible under Fed. R. Evid. 604 and Fed. R. Evid. 701. Rule 56(c)(4) of the Federal Rules of Civil Procedure requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56(c)(2)

permits a party to object when the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Therefore, as a threshold matter, it was not necessary for the removing defendants to file a motion to strike the plaintiff's affidavit. The better course of action would have been for them to simply object to the affidavit.[1] Accordingly, the pending motion to strike will be treated as an objection to the affidavit rather than as a motion to strike.

In the affidavit, Mr. LeBlanc avers: "I do not read and write, but have had this affidavit read aloud to me, and understand and confirm what it contains." (Rec. Doc. 40-5 at 2). The removing defendants objected to the affidavit under Fed. R. Evid. 604 on the basis that it does not identify the person who read the affidavit to Mr. LeBlanc. Rule 604 states that "[a]n interpreter must be qualified and must give an oath or affirmation to make a true translation." Therefore, Rule 604 does not directly address the situation presented here, i.e., when the affiant can neither read nor write. Further, the defendants presented no statutory or jurisprudential authority extending Rule 604 and applying it in this situation. Accordingly, Rule 604 does not provide a valid basis for the removing defendants' objection to the affidavit as a whole.

---

[1]     See Fed. R. Civ. P. 56(c)(2); *Cutting Underwater Technologies USA, Inc. v. Eerie U.S. Operating Co.*, 671 F. 3d 512, 515 (5th Cir. 2012).

The removing defendants also objected to Paragraphs 6 and 7 of the affidavit on the basis that these paragraphs do not state facts but, instead, contain opinion testimony by a person who has not been qualified as an expert witness. Paragraph 6 reads: "Darol DeJuan Stoneham was the sole cause of the collision." Paragraph 7 reads: "I could not do anything to avoid this accident." This Court agrees that these statements constitute the affiant's opinions rather than his factual observations. The plaintiffs argued, however, that opinion testimony is permitted by persons who are not qualified as expert witnesses, and should be permitted in support of their motion for partial summary judgment, because Rule 701 allows a lay witness to express opinions that are based on the witness's own perception, helpful in understanding the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge.

The plaintiffs are correct that not all opinions by lay witnesses are forbidden. Furthermore, Fed. R. Evid. 704(a) instructs that an opinion is not objectionable just because it embraces an ultimate issue.[2]  However, a witness is not permitted to opine about legal conclusions or to tell the jury what result to reach.[3]

---

[2]     See, also, *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

[3]     *Owen v. Kerr-McGee Corp.*, 698 F.2d at 240.

The opinions set forth in Paragraphs 6 and 7 of the affidavit address whether the defendant's actions was the sole cause of the collision underlying this lawsuit and whether plaintiff Leonard LeBlanc's actions contributed to the cause of the accident. These are issues that the jury must resolve after receiving appropriate legal instructions from the court. For that reason, they will not be considered by this Court in ruling on the plaintiffs' motion for partial summary judgment.

## Conclusion

This Court construes the pending motion to strike (Rec. Doc. 48) as an objection to the affidavit of Leonard LeBlanc that was submitted by the plaintiffs in support of their motion for partial summary judgment. The objection is GRANTED IN PART and DENIED IN PART; more specifically, the objection is granted to the extent that this Court will not consider the statements set forth in Paragraphs 6 and 7 of the affidavit when ruling on the pending motion for partial summary judgment, and the objection is overruled in all other respects.

Signed at Lafayette, Louisiana, this 9th day of January 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE