UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LEONARD P. LEBLANC and TAMMY LEBLANC | CIVIL ACTION NO. 6:16-CV-00283 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| DAROL DEJUAN STONEHAM, ET AL. | BY CONSENT OF THE PARTIES |

**MEMORANDUM RULING**

Currently pending is the plaintiffs' motion for partial summary judgment on the issues of liability and insurance coverage. (Rec. Doc. 40). The motion is opposed. (Rec. Docs. 47, 50). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is denied.

**Background**

This lawsuit arises out of a motor vehicle accident. According to the plaintiffs' petition, plaintiff Leonard LeBlanc was driving a 2010 Ford Ranger and heading north on Highway 88 in Iberia Parish on January 21, 2015. At the same time, defendant Darol Stoneham, who was admittedly in the course and scope of his employment with defendant Pinch Flatbed, Inc., was driving an 18-wheeler that was registered to Penske Leasing and leased to Pinch. Mr. Stoneham allegedly ran through a stop sign at the intersection of Highway 88 and Labit Road then turned left as Mr. LeBlanc passed through the intersection, colliding with Mr. LeBlanc's vehicle.

The plaintiffs claim that Mr. LeBlanc injured his neck and back in the accident, and his wife asserted a claim for loss of consortium.

Suit was filed in the 16th Judicial District Court, Iberia Parish, Louisiana, against Mr. Stoneham, Pinch, and Pinch's alleged insurer, AIG Property & Casualty Ins. Co. An amending petition added New Hampshire Insurance Company as a defendant. The defendants then removed the action. A second supplemental and amending petition added Gemini Insurance Services, Inc. as a defendant. The plaintiffs then filed the instant motion for partial summary judgment with regard to the issues of liability and insurance coverage. (Rec. Doc. 40). All of the defendants oppose the motion.

## LAW AND ANALYSIS

### A. THE STANDARD FOR RESOLVING A MOTION FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[4] *Washburn v. Harvey*, 504 F.3d at 508.

[5] *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

B.     **GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT ON THE ISSUES OF LIABILITY AND INSURANCE COVERAGE**

Despite the plaintiffs' argument to the contrary, this is not a clear case of one hundred percent fault on the part of Mr. Stoneham. The evidence submitted in *support* of the motion contains contradictions to that very notion. In the defendants' response to the request for admissions, they specifically deny that the defendant driver disregarded a stop sign, that the action of the defendant driver was the sole cause of the accident, and that no other person caused and/or contributed to the accident.[8] It is not clear on the record whether the road on which Mr. LeBlanc was travelling before the collision had any type of traffic control at its intersection with the road on which Mr. Stoneham was travelling. It is also not clear when Mr. LeBlanc first observed Mr. Stoneham's vehicle, whether Mr. Stoneham had stopped at the stop sign before proceeding into the intersection, or whether he observed Mr. LeBlanc's vehicle approaching – or failed to do so. In his deposition Mr. Leblanc

---

[6]     *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[7]     *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8]     Rec. Doc. 40-10.

testified he saw the truck "roll through" the stop sign, however, in the statement of uncontested facts it indicates the truck was "at a stop sign" and that as the plaintiff's vehicle "proceeded through the intersection" the vehicle driven by the defendant disregarded the stop sign and oncoming traffic and entered the intersection. It is also not clear whether Mr. LeBlanc's undisputed failure to apply his brakes when he did see Mr. Stoneham's vehicle contributed to the accident or whether Mr. LeBlanc there was an alternative evasive action to avoid the collision.[9] Finally, the plaintiff testified that the weather was such that he could plainly see the road, yet he did not see the truck coming down Labit Road toward the intersection.[10] All of these issues, when drawing every inference in favor of the non-movant as the Court must, provide a possible basis for a finding of comparative fault.

On the issue of medical causation, the credibility of Mr. Leblanc is squarely at issue - a determination this Court cannot make at the summary judgment stage. Thus, the plaintiffs simply have not sustained their burden of establishing that there are no genuinely-disputed issues of material fact before the court with regard to the issue of liability.

---

[9] Cf. Rec. Doc. 40-4, 40-6.

[10] Rec. Doc. 40-6, pp. 29-30.

With regard to insurance coverage, the defendants correctly pointed out in response to the statement of material facts that AIG Property and Casualty did not issue an insurance policy to the defendants. In fact, New Hampshire Insurance Company issued the policy of insurance that purports to provide coverage based on the declarations page and the schedule of "covered autos" which delineates symbol 47. However, that is not what is before the Court.[11]

As to the Gemini policy, as an umbrella policy it is not triggered until the underlying "retained limits" are exhausted unless there is some type of drop down argument which has not been raised.[12] Thus a determination of coverage is premature at this stage.

## Conclusion

With regard to the issues of fault and medical causation, the plaintiffs have not satisfied their burden of proving that there are no genuinely disputed facts and that they are entitled to summary judgment in their favor. While the facts germane to the issue of insurance coverage do not appear to be seriously disputed, the motion as

---

[11] The Court finds it somewhat troubling that insurance coverage at the primary level by New Hampshire does not appear to be seriously in dispute and encourages the parties to reach a stipulation to that effect. Further, this is a direct action claim and the insurance policy is admisssible.

[12] As an aside, the Court notes that the Gemini policy lists Lexington as the underlying carrier for auto and New Hampshire as the underlying carrier for comprehensive general liability coverage. However, the policy number for commercial auto is that of the New Hampshire policy. See Rec. Doc. 40-9, p. 39

styled pertaining to AIG is denied as AIG did not issue the applicable policy and the motion is denied as to Gemini as premature.  For the foregoing reasons, the plaintiffs' motion for partial summary judgment (Rec. Doc. 40) is denied in its entirety.

Signed at Lafayette, Louisiana, this 9th  day of January 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE